UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LESTER JOE** | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **CHARLES WEISMAN, ROCKING W SERVICES, LLC, and REDWOOD FIRE AND CASUALTY INSURANCE COMPANY** | **MAG. JUDGE** _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court for the Western District of Louisiana, Defendant, Redwood Fire and Casualty Insurance Company ("Defendant"), states as follows:

### I.   Background and Procedural Requirements

1. Redwood Fire and Casualty Insurance Company is a defendant in the matter captioned *"Lester Joe v. Charles Weisman, et al"* originally filed in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, under Docket No. 91400, Div. "A" (the "State Court Action"). See Exh. A, State Court Record, p. 3.

2. Plaintiff filed a Petition for Damages (the "Petition") in the State Court Action on February 22, 2022 (Exh. A, p. 3), which Petition was served on Redwood Fire and Casualty Insurance Company on March 9, 2022 (Exh. A, p. 32).

3. This Notice of Removal is timely filed as it is being filed within thirty days after Redwood Fire and Casualty Insurance Company's receipt of the Petition setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a) Rocking W Services, LLC attaches as Exhibit "A" hereto a copy of all process, pleadings and orders served on Rocking W Services, LLC in the State Court Action (a certified copy of the entire state court record has been included).

## II. Complete Diversity Exists

5. Plaintiff alleges to be a resident of and domiciliary of the State of Louisiana. See Exh. A, p 1 in the opening paragraph.

6. No properly joined defendant in this action is a citizen of the State of Louisiana, and all defendants are completely diverse from Plaintiff.

7. Defendant Rocking W Services, LLC, is a Texas limited liability company, with its principal place of business located at 2421 Branch Creek Road, Venus, Texas, 76084. Rocking W Services, LLC has two members: (1) Charles Weisman, who resides at 2421 Branch Creek Road, Venus, Texas, 76084, and is a citizen of the State of Texas; and (2) Alan J. Weisman, whose address is P.O. Box 2265, San Juan, Texas 78589, and is a citizen of the State of Texas. See Exh. A, p. 3 and the Consent to Removal on behalf of Rocking W Services, LLC.

8. Defendant Charles Weisman is a resident and domiciliary of Venus, Texas, and is a citizen of the State of Texas, who resides at 2421 Branch Creek Road, Venus, Texas 76084. See Exh. A, p. 3 and the Consent to Removal on behalf of Charles Weisman.

9. Defendant Redwood Fire and Casualty Insurance Company is a Nebraska insurance corporation with its principal place of business located at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102. See Exh. A, p. 3.

10. Complete diversity exists between Plaintiff, Lester Joe, and defendants, Rocking W Services, LLC, Charles Weisman, and Redwood Fire and Casualty Insurance Company, and this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

### III.  Amount in Controversy

11. Plaintiff's Petitions seek a monetary judgment against defendants, but it does not plead a specific sum demanded or amount in controversy.

12. Louisiana Code of Civil Procedure Art. 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1] Further, LA. C.C.P. Art. 893(A)(2) provides that where a petition is filed in violation of LA. C.C.P. Art. 893, "the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

13. Pursuant to 28 U.S.C. §1446(c)(2), Defendant asserts that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In the Petition, Plaintiff alleges to have physical pain and mental anguish (Exh. A, p. 4), as well as medical specials, inconvenience, and frustration (Exh. A, p. 5).

14. Plaintiff alleges that defendant's actions caused his injuries. (Exh. A, pp. 4-5).

16. Plaintiff generally prays for entry of judgment as to all damages occasioned by plaintiff. (Exh. A, pp. 5-6).

17. Additionally, Plaintiff's counsel has provided the undersigned with medical records for treatment of injuries allegedly arising out of the accident, indicating the following: (i) Plaintiff has treated with a neurosurgeon regarding potential disc herniations in his lumbar spine

---

[1] La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

at L3-4 and L4-5, as well as facet edema at L4-5 and L5-S1; (ii) Plaintiff has undergone one or more lumbar facet injections at L4-5 with a pain management physician; (iii) Plaintiff's treatment has involved two emergency room visits, multiple sets of imaging, and several treating physicians, including pain management, physical therapy, and a neurosurgery; (iv) and Plaintiff's treatment is ongoing.

18. Given the extent of Plaintiff's alleged injuries and damages, per the medical records provided by plaintiff's counsel and the allegations of the petition, Defendant respectfully submits that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.   Diversity Jurisdiction

19. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### V.   Venue

20. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Louisiana is the federal judicial district encompassing the 16th Judicial District Court for St. Martin Parish, State of Louisiana, where this action was originally filed, and the federal judicial district encompassing St. Martinville, Louisiana, where the actions alleged in the Petition occurred. See Exh. A, p. 3.

### VI.   Effectuation of Removal

21. Redwood Fire and Casualty Insurance Company hereby removes this action to the United States District Court for the Western District of Louisiana.

22. By filing this Notice of Removal, Redwood Fire and Casualty Insurance Company expressly consents to the removal.

23. The consent to removal by defendant Charles Weisman is attached as Exhibit "B".

24. The consent to removal by defendant Rocking W Services, LLC is attached as Exhibit "C".

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Rocking W Services, LLC in connection with the State Court Action are attached hereto as Exhibit "A".

26. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

27. The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel, including counsel for the Plaintiffs. See Exhibit "D", attached hereto.

28. The undersigned counsel further certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the 16th Judicial District Court, Parish of St. Martin, State of Louisiana. See Exhibit "E", attached hereto.

### VII. Relief Requested

29. Defendant requests the United States District Court for the Western District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this action.

## VIII. Reservation of Rights

30. By this Notice of Removal, Defendant does not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, Redwood Fire and Casualty Insurance Company respectfully requests this action proceed in this Honorable Court as an action properly removed from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana.

Respectfully submitted,

**NEUNERPATE**

_s/Sarah A. Simmons_
**KENNETH W. JONES, JR.**         #23803
(kjones@neunerpate.com)
**SARAH A. SIMMONS**         #39339
(ssimmons@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone:   (337) 237-7000
Fax:         (337) 233-9450
*Counsel for Defendants, Charles Weisman, Rocking W Services, LLC, and Redwood Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

Lafayette, Louisiana on the __8__ day of __April____2022.

*/s/ Sarah A. Simmons*
Counsel